UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| ROYLEE SMITH, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CV414-015 |
| JACQUELYN R. CARUANA, Assistant Public Defender; WILLIAM LEWIS; Chief Assistant Public Defender, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Inmate Roylee Smith brought this 42 U.S.C. § 1983 case against two public defenders who represented him.[1] Doc. 1. He lost a parole

---

[1] Since he has completed his IFP paperwork, docs. 4 & 5, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii) (allows a district court to dismiss sua sponte a claim of an a plaintiff proceeding *in forma pauperis* for failure to state a claim before service of process). The Court also proceeds under 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief), and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 2011 WL 4436591 at * 3 n. 1 (11th Cir. Sep. 26, 2011). But conclusory

revocation hearing and now wants to sue his defense lawyers for "one million dollars." *Id.* at 5-7. He seeks only monetary relief. *Id.* at 7.

His case must be dismissed with prejudice because the defendants are immune from suit. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Pearson v. Myles*, 189 F. App'x 865, 866 (11th Cir. 2006) ([B]ecause [appointed counsel] was performing traditional lawyer functions in her representation of [plaintiff/defendant], she was not acting under color of state law. Therefore, [plaintiff/defendant] has no § 1983 cause of action against [appointed counsel] in connection with her representation of him.").

In addition, a money damages claim that challenges Smith's probation revocation is not cognizable under § 1983, but must instead be brought in a habeas petition. *See Nelson v. Campbell*, 541 U.S. 637, 643,

---

allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (but *pro se* pleadings are still construed liberally after *Iqbal*).

2

(2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Dixon v. Kelly*, 2011 WL 5554011 at * 2 (S.D. Ga. Oct. 18, 2011).

Meanwhile, it is time for Smith to pay his filing fee. His furnished account information shows that he has had funds in his prison account during the past six months. Doc. 4 ($12.50 average monthly balance for the last six months). He therefore owes an initial partial filing fee of $2.50. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall deduct $2.50 from Smith's account and remit to the Clerk of Court (payable to the "Clerk of Court"). The custodian shall also set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED**, this 28th day of February, 2014.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA